STATE OF MINNESOTA                                      DISTRICT COURT

COUNTY OF CARVER                                        FIRST JUDICIAL DISTRICT

---------------------------

OPS America, Inc.,                                      Court File No.: Pending,

        Plaintiff,

vs.

Safariland, LLC 911EP, Inc. and Emergency Technology, Inc.
d/b/a SoundOff Signal,                                  **SUMMONS**

        Defendant.

---------------------------

**THIS SUMMONS IS DIRECTED TO**: Safariland, LLC, 911EP, Inc. and Emergency Technology, Inc., d/b/a SoundOff Signal

1. **YOU ARE BEING SUED.** The Plaintiff has started a lawsuit against you. The Plaintiff's Complaint against you is attached to this Summons. Do not throw these papers away. They are official papers that affect your rights. You must respond to this lawsuit even though it may not yet be filed with the Court and there may no court file number on this summons.

2. **YOU MUST REPLY WITHIN 20 DAYS TO PROTECT YOUR RIGHTS.** You must give or mail to the person who signed this summons **a written response** call an Answer within 20 days of the date on which you received this Summons. You must send a copy of your Answer to the person who signed this summons located at: Timothy W. Fafinski, Attorney At Law, Corporate Counsel, PA, 3411 Brei Kessel Road, Independence, MN 55359.

3. **YOU MUST RESPOND TO EACH CLAIM.** The Answer is your written response to the Plaintiff's Complaint. In your Answer you must state whether you agree or disagree with each paragraph of the Complaint. If you believe the Plaintiff should not be given everything asked for in the Complaint, you say so in your Answer.

4. **YOU WILL LOSE YOUR CASE IF YOU DO NOT SEND A WRITTEN RESPONSE TO THE COMPLAINT TO THE PERSON WHO SIGNED THIS SUMMONS.** If you do not Answer within 20 days, you will lose this case. You will not get to tell your side of the story, and the Court may decide against you and award the Plaintiff everything asked for in the complaint.

EXHIBIT 1

MAR 04 2011

5. **LEGAL ASSISTANCE.** You may wish to get legal help from a lawyer. If you do not have a lawyer, the Court Administrator may have information about places where you can get legal assistance. **Even if you cannot get legal help, you must still provide a written Answer to protect your rights or you may lose the case.**

6. **ALTERNATIVE DISPUTE RESOLUTION.** The parties may agree to or be ordered to participate in an alternative dispute resolution under Rule 114 of the Minnesota General Rules of Practice. You must still send your written response to the Complaint even if you expect to use alternative means of resolving this dispute.

Dated: 1/31/11

By _____
Timothy W. Fafinski #201947
Attorney for Plaintiff
3411 Brei Kessel Road
Independence, MN 55359
(952)944-9500

| | |
|---|---|
| **STATE OF MINNESOTA** | **DISTRICT COURT** |
| **COUNTY OF HENNEPIN** | **FOURTH JUDICIAL DISTRICT** |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

OPS America, Inc.,

                              Court File No. _____

                Plaintiff,

vs.

Safariland, LLC, 911EP, Inc. and Emergency Technology, Inc.,
d/b/a SoundOff Signal,

                              **COMPLAINT**

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

           Plaintiff, for its cause of action against Defendants, alleges and states as follows:

## PARTIES AND JURISDICTION

           1.    At all times pertinent hereto, Plaintiff OPS America, Inc. ("OPS") is a Minnesota corporation duly incorporated and in good standing under the laws of the State of Minnesota. OPS is an outsource engineering and manufacturing service company with offices in Loretto, Minnesota and in Asia.

           2.    At all times pertinent hereto, Defendant Safariland, LLC, and its subsidiary, 911EP, Inc. was a duly organized limited liability company under the laws of the State of Florida. 911EP, Inc. was a corporation duly incorporated under the laws of the State of Florida. 911 EP, Inc. and Safariland, LLC are collectively referred to herein as "Safariland". Safariland is in the business of manufacturing and supplying products for the law enforcement, competitive shooting and military industries.

3. Defendant Emergency Technology, Inc., d/b/a SoundOff Signal ("SoundOff Signal") was a corporation duly incorporated under the laws of the State of Michigan. SoundOff is in the business of the manufacture and distribution of emergency, bus and commercial vehicle safety products, including LED lights.

4. This Court has personal jurisdiction over Defendants pursuant to Minnesota Statute Section 543.19 in that Defendants transacted business in the State of Minnesota, the Defendant's wrongful acts complained herein caused injury to Plaintiff, a Minnesota resident and the contract at issue in this action arose under the laws of the State of Minnesota.

## FACTUAL BACKGROUND

5. Throughout 2009, Safariland placed several purchase orders for certain LED-related product to be manufactured and assembled by OPS totaling in excess of One Million Four Hundred Thousand Dollars ($1,400,000.00) ("Inventory").

6. By letter dated November 5, 2009, Safariland advised OPS' supplier that it had sold various assets to SoundOff, including certain machinery, equipment, inventories, tooling and other assets. It further advised that SoundOff is the legal owner of these items and full authority to direct the transfer, modification or disposition of the items.

7. Shortly thereafter, OPS was advised in writing by SoundOff that has contracted with Safariland to "assume responsibility for the manufacture, sales, marketing, and distribution of the 911EP product line". SoundOff further advised that "We are assuming these responsibilities for the 911EP product lines effective immediately" and that "we will be evaluating the current inventories and issuing purchase orders to support the current and anticipated sales of the 911EP products".

8. Subsequently, SoundOff placed orders and received portions of the Inventory. In mid-2010, SoundOff ceased placing orders or providing forecasts leaving a balance due of in excess of Three Hundred Fifty Thousand Dollars ($350,000.00).

9. Despite due demand, Defendants have failed and refused to pay the monies due to OPS. Safariland claims that the obligation is the responsibility of SoundOff. Despite its previous written agreement to "assume responsibility" for the then-current inventory, SoundOff claims that the amount due is Safariland's responsibility.

10. Defendants have not objected to the amount or nature of the invoices, which constitute an account stated. The total principal balance due to Plaintiff is in excess of Three Hundred Fifty Thousand Dollars, plus accrued interest charges and reasonable attorney's fees.

## FIRST CAUSE OF ACTION – BREACH OF CONTRACT
## (AGAINST DEFENDANTS)

11. Plaintiff realleges paragraphs 1 through 10 above as though fully set forth herein.

12. Safariland ordered goods and services from Plaintiff. During all times relevant herein, it was explicitly understood and agreed, orally and in writing, that Safariland would pay Plaintiff for each of the orders. In addition, SoundOff expressly assumed this obligation in a writing.

13. Plaintiff performed all conditions, covenants, duties and promises required by it, on its part, to be performed in accordance with the terms and conditions of the agreement between the parties. However, Defendants, and each of them, have breached the terms and conditions of

these agreements by deliberating and intentionally refusing to pay Plaintiff for the goods and services rendered to Defendants for Defendants' benefit.

14. As a direct and proximate result of Defendant's breach, Plaintiff has suffered damages in a sum in excess of Fifty Thousand Dollars ($50,000.00), exclusive of interest charges and reasonable attorneys fees.

## SECOND CAUSE OF ACTION – UNJUST ENRICHMENT
## (AGAINST DEFENDANTS)

15. Plaintiff realleges paragraphs 1 through 14 above as though fully set forth herein.

16. Defendants, and each of them, have received the benefits and profits from Plaintiff's efforts by ordering, utilizing and re-selling the goods and services provided by Plaintiff without rightfully paying for them. Plaintiff was forced to expend valuable time, labor, money and resources to provide such goods and services to Defendants. In fact, Plaintiff's goods and services were utilized and resold by Defendants in order for Defendants to generate significant revenues from such sales to Defendants' own customers.

17. Consequently, Defendants, and each of them, have been unjustly enriched. Furthermore, it would be inequitable for Defendants to be allowed to retain the benefit of Plaintiff's efforts, and profits gained thereby, with being ordered to pay the Plaintiff the sum due, plus accrued interest charges and reasonable attorneys fees.

## COUNT THREE --- ACCOUNT STATED
## (AGAINST DEFENDANTS)

18. Plaintiff realleges paragraphs 1 through 17 above as though fully set forth herein.

19. Plaintiff has systematically and regularly invoiced Defendants for the product and

goods supplied to them. Defendants have breached their account stated with Plaintiff by failing and refusing to pay what is owed thereon.

20. As a direct and proximate result of Defendant's breach of their account state, Plaintiff has been damaged in an amount in excess of Fifty Thousand Dollars ($50,000.00), plus accrued interest charges and reasonable attorneys fees.

**WHEREFORE,** Plaintiff prays for the following relief:

1. For judgment in favor of Plaintiff and against Defendants, jointly and severally, in an amount in excess of Fifty Thousand and No/100 Dollars ($50,000.00), plus interest charges thereon;

2. For judgment in favor of Plaintiff and against Defendants, jointly and severally, for Plaintiff's attorneys fees, costs and disbursements incurred herein; and

3. For such other and further relief as the Court deems just, equitable and proper.

Dated: 1/31/11

By: _____
Timothy W. Fafinski #201947
3411 Brei Kessel Road
Independence, MN 55359
(952) 944-9500

Attorney for Plaintiff

## ACKNOWLEDGMENT

The undersigned acknowledges that: I am familiar with the terms of Minn. Stat. Section 549.211, and that costs, disbursements and reasonable attorney and witness fees may be awarded to the opposing party pursuant to subd. (e) thereof, in the event a party or an attorney acts in bad faith; asserts a claim or defense that is frivolous and that is costly to another party; asserts an unfounded position solely to delay the order and course of the proceedings or to harass; or commits a fraud upon a Court.

Dated: 11/31/11

By: _____
Timothy W. Fafinski #201947
3411 Brei Kessel Road
Independence, MN 55359
(952) 944-9500

Attorney for Plaintiff