UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

OPS America, Inc.,

        Plaintiff,

v.                                                       Civil No. 11-567 (JNE/TNL)
                                                       ORDER
Safariland, LLC, 911EP, Inc., and
Emergency Technology, Inc.,

        Defendants.

       Defendants timely moved for summary judgment. Their motions are scheduled to be heard on March 15, 2012. OPS America, Inc., moved for summary judgment after the dispositive motion deadline. Defendants moved to strike OPS America's motion. OPS America moved to amend the pretrial scheduling order. For the reasons set forth below, the Court declines to strike OPS America's motion for summary judgment. The Court will hear all parties' motions for summary judgment on March 15.

       In May 2011, the magistrate judge set November 30, 2011, as the dispositive motion deadline. One day before the deadline, the parties stipulated to extend it to December 31, 2011. On November 30, the magistrate judge issued an Amended Pretrial Scheduling Order that set December 31 as the dispositive motion deadline.

       On November 30, Emergency Technology, Inc., moved for summary judgment. Its motion was scheduled to be heard on February 9, 2012. On December 21, 2011, Emergency Technology filed an amended notice that indicated its motion was scheduled to be heard on March 15, 2012. On December 30, 2011, Safariland, LLC, and 911EP, Inc., moved for summary judgment. Their motion was also scheduled to be heard on March 15. On January 20, 2012,

1

OPS America responded to Defendants' motions for summary judgment. Ten days later, Safariland and 911EP filed a reply.

On February 2, 2012, OPS America moved for summary judgment. Its notice of motion indicated the motion was scheduled to be heard on March 15. A few days later, Defendants moved to strike OPS America's motion as untimely. OPS America then moved to amend the pretrial scheduling order. OPS sought to extend the dispositive motion deadline to permit consideration of its motion for summary judgment on March 15.

*OPS America's motion to amend the pretrial scheduling order*

A scheduling order issued under Rule 16 of the Federal Rules of Civil Procedure must limit the time to file motions, and the schedule "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(3)(A), (4). "The primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case management order's requirements. '[T]he existence or degree of prejudice to the party opposing the modification' and other factors may also affect the decision." *Bradford v. DANA Corp.*, 249 F.3d 807, 809 (8th Cir. 2001) (alteration in original) (citation omitted) (quoting *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992)).

According to OPS America, it moved for summary judgment after the dispositive motion deadline because it used the hearing dates of February 9 and March 15 to calculate the deadline:

> On November 30, 2011, counsel for Plaintiff received Defendant Emergency Technology, Inc. d/b/a SoundOff Signal's notice of hearing on its motion for summary judgment set on for February 9, 2012. Thereafter, it was inadvertently and mistakenly calendared that the motion filing deadline was 42 days prior to February 9, 2012. On December 21, 2011, counsel for Plaintiff received Defendant[s] Safariland, LLC [and] 911EP, Inc.'s notice of hearing on [their] motion for summary judgment set on for March 15, 2012. Thereafter, it was again inadvertently and mistakenly calendared that the motion filing deadline was 42 days prior to March 15, 2012, or February 2, 2012.

Pl.'s Mem. Supp. Amend Pretrial Scheduling Order 2, ECF No. 63 (citations omitted).

"[C]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Johnson*, 975 F.2d at 609.  On November 29, OPS America itself stipulated to extend the dispositive motion deadline from November 30 to December 31.  On November 30, the very day OPS America received notice of the hearing on February 9, the magistrate judge issued an Amended Pretrial Scheduling Order that granted the parties' request to set December 31 as the dispositive motion deadline.  Notice on December 21 of the amended hearing date did nothing to change that deadline,[1] OPS America should have recognized that the dispositive motion deadline does not depend on a hearing date, and OPS America's receipt of Safariland and 911EP's motion on December 30 should have alerted OPS America to its error.  Under these circumstances, the Court discerns no good cause to amend the pretrial scheduling order.  OPS America's motion to amend the pretrial scheduling order is denied.

*Defendants' motion to strike*

Notwithstanding the denial of OPS America's motion to amend the pretrial scheduling order, the Court will hear OPS America's motion for summary judgment, as well as Defendants' motions for summary judgment, on March 15.  OPS America moved for summary judgment approximately one month after the dispositive motion deadline.  Although the parties' arguments likely would have been presented in a more efficient manner had OPS America timely moved for summary judgment, the Court discerns little possibility of prejudice to Defendants.[2]  Defendants' own motions should enable them to respond expeditiously.  Finally, consideration of OPS America's motion at the same time as Defendants' motions for summary judgment serves the

---

[1]   Emergency Technology—not Safariland and 911EP—filed an amended notice on December 21.

[2]   Defendants claim they will be prejudiced because they will have to address "new factual issues" and "obtain their own responsive declarations" to respond to OPS America's motion.

interest of judicial economy. Defendants' motion to strike is denied. *See W.F.M., Inc. v. Cherry Cnty.*, 279 F.3d 640, 643 (8th Cir. 2002) ("[Plaintiff] first argues that the motion for summary judgment was made beyond the time set for such motions in the case progression order, and, therefore, should not have been allowed. However, it was within the district court's considerable discretion to consider the motion outside of the time set by the case progression order."); *Maus v. Murphy*, 29 F. App'x 365, 369 (7th Cir. 2002) ("[D]istrict courts have wide latitude in managing their dockets, including the power to consider an untimely motion for summary judgment." (citation omitted)); *Rustan v. Rasmussen*, 208 F.3d 218 (8th Cir. 2000) (unpublished table decision) ("We conclude the District Court did not err in accepting defendants' summary judgment motion, even though it was filed five days after the deadline for dispositive motions set by the Court's scheduling order, because the tardy filing did not prejudice Rustan under the circumstances, defendants had told Rustan they intended to file the motion, and there was no evidence defendants' untimely filing was in bad faith."); *Thomas v. Kroger Co.*, 24 F.3d 147, 149 (11th Cir. 1994) ("A district court . . . may consider an otherwise untimely motion if, among other reasons, doing so would be the course of action most consistent with the interest of judicial economy." (internal quotation marks omitted)). In connection with the motions for summary judgment, the Court will consider whether a sanction short of striking OPS America's motion for summary judgment is appropriate.

*Conclusion*

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. Defendants' motion to strike [Docket No. 59] is DENIED.

2. OPS America's motion to amend the pretrial scheduling order [Docket No. 62] is DENIED.

5

    3.      The Court will hear OPS America's motion for summary judgment, as well as Defendants' motions for summary judgment, on March 15.

Dated: February 21, 2012

                                                                   s/ Joan N. Ericksen
                                                                   JOAN N. ERICKSEN
                                                                   United States District Judge